ROSS *v.* ROSS ET AL.

[No. 18,179. Filed January 18, 1952.]

*Campbell, Campbell & Malan,* of Noblesville, for appellant.

*Gentry & Day,* and *Neal & Neal,* all of Noblesville, for appellees.

MARTIN, J.—The appellant, who is the son of the appellees, brought this action for ejectment, alleging that he was the owner of certain real estate therein described; that he was entitled to immediate possession thereof; that appellees held said real estate without right and unlawfully kept him out of possession thereof. Appellees filed answer of admission and denial under the rules and filed what is denominated as a cross-complaint against the appellant, averring that on the 21st day of April, 1936, they entered into a written contract with Dan W. Ridgeway and his wife for the purchase of the real estate in question, by the terms

of which said Ridgeway agreed to sell and convey said real estate to the appellees at and for the price of $1,548; that they entered into possession of said real estate under the terms of said contract, a copy of which was attached to and made a part of said cross-complaint; that by the terms of said contract appellees agreed to assume a school fund mortgage of $525 and pay the sum of $100 each six months thereafter until all of said purchase price was paid. That thereafter they had a conversation with appellant in which appellant agreed to help them get a home; that he would pay $975 cash to Ridgeway, assume said mortgage, have the property deeded to himself and as soon as they were able they could repay all that he was out and he would reconvey the property to them. That appellant paid to said Ridgeway the $975 and took a deed from Ridgeway as surety for appellees' indebtedness to appellant; that appellees have continued since and are now in possession of said real estate; that appellees have made valuable improvements thereon and that said real estate is now of the value of $7,500.

Appellees' cross-complaint further alleges that one Frank W. Ross, appellant's grandfather, assisted appellant in raising the money to pay Ridgeway and that so far as appellees have been able to learn appellant has paid on said real estate $860.39; that he received $345 from the County Auditor by increasing the school fund mortgage, leaving a balance due of $515.39 due appellant from appellees, which amount they paid to the Clerk of said court as a tender to appellant and prayed that said deed be construed to be a mortgage to secure payment of the amount due from appellees to appellant.

The second paragraph of appellees' cross-complaint is denominated paragraph 3 of answer and alleges that the appellees are the owners and in possession of the

real estate in question and they ask judgment quieting appellees' title.

The court stated its conclusions of law on the facts found as follows:

"1. That the law is with the defendants.

"2. That the deed for the real estate here involved taken by the plaintiff in his name was in fact a mortgage and security for the money advanced by the plaintiff, J. Donald Ross, for the purchase of said real estate for the defendants.

"3. That the plaintiff, J. Donald Ross, is entitled to and declared to have a mortgage in the principal sum of $846.13 against the real estate here involved, which mortgage is junior to the school fund mortgage against the real estate recorded in School Fund Mortgage Record Volume 6, at page 168.

"4. That the defendants are entitled to have their title in and to said real estate quieted in them as against the plaintiff's claims in and to said real estate except as to the mortgage held by plaintiff, J. Donald Ross, as stated in conclusion of law number three.

"5. That the plaintiff, J. Donald Ross, is not entitled to the ownership, possession, or damages for retention of said real estate."

Appellant has assigned as error the overruling of his motion for new trial. He includes as grounds thereof, among others, that: (a) the decision of the court is contrary to law, (b) the decision of the court is not sustained by sufficient evidence, and (c) error in the assessment of the amount of recovery, the same being too small. The court's findings numbered 19, 20 and 21 are as follows:

"19. That since the date of the deed to the plaintiff of said real estate received in 1938; the

plaintiff has expended the following sums on and incidental to said real estate:

"a. Principal on school fund mortgage, interest on school fund mortgage, insurance, taxes and abstract bill     $575.13

"b. Paid on principal of the original note executed for the loan for the funds to purchase said property     250.00

"c. Interest paid by plaintiff on the original $975.00 note     125.00

"d. Additional paid by plaintiff on purchase price     25.00

"20. That the plaintiff is entitled to be credited with interest on the sums paid as above enumerated, which total credit for interest to which plaintiff is entitled is in the sum of $216.00.

"21. That the total of the sums expended by the plaintiff, plus interest, to which he is entitled, is $1,191.13; that the defendants are entitled to a credit from such amount in the sum of $345.00 represented by the increase of the principal of the school fund mortgage, which sum was received by the plaintiff, and that there is due on a final accounting to the plaintiff the sum of $846.13, from the defendants."

When the court concluded that the conveyance was a mortgage it became the duty of the court to determine the amount due and owing the appellant and to state the facts on which the court based its conclusions. The appellant was entitled to a specific finding as to amounts expended by him for money advanced, also payments made for interest, taxes, insurance and other items of expense. *Heath* v. *Williams* (1869), 30 Ind. 495, 507.

The court's calculation of the amount found due appellant, as set out in finding numbered 19, fails to include the fact that appellant invested $975 in the purchase of the property on March 16, 1938. Such error requires a new trial.

The uncontradicted evidence shows that Frank W. Ross became surety on a note for appellant at a Muncie bank, which enabled appellant to borrow $975 which he used to purchase the real estate in question; that said note was renewed several times between 1938 and 1942 and each time said note was renewed the interest thereon was paid by appellant, who also paid $250 on the principal thereof. However, after appellant entered military service on October 1, 1942, his grandfather, Frank W. Ross, as surety, paid the balance due on said note in the sum of $725. There is no evidence in the record that Frank W. Ross, the surety, has released the appellant, the principal on the note, from the payment of the balance of $725 and interest.

The fact that the court, in finding numbered 9, stated that Frank W. Ross is not now claiming any interest in and to the real estate described herein or anything due from any of the parties, was a finding outside the issues and related to a possible claim of Frank W. Ross who is not a party to this action, and the fact stated by the court is not supported by the evidence.

This judgment is reversed, with instructions to the trial court to grant appellant's motion for a new trial.

Royse, J., not participating.

NOTE.—Reported in 102 N. E. 2d 913.